UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | 2:08-CV-00620-PMP-PAL |
| v. | |
| PUBLISHERS BUSINESS SERVICES, INC., et al., | PERMANENT INJUNCTION |
| Defendants. | |

Plaintiff Federal Trade Commission ("Commission" or "FTC") commenced this action on May 14, 2008, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, to secure preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  Plaintiff filed a motion for summary judgment, or in the alternative, for summary adjudication of issues, on July 31, 2009.

The Court, having granted summary judgment in favor of Plaintiff, and having found that Plaintiff is entitled to the relief sought against Defendants for their deceptive and abusive acts and practices in connection with the marketing and sale of magazine subscriptions, hereby makes findings and enters an Order for Permanent Injunction and Other Equitable Relief ("Order") as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the subject matter of this action and each of the parties. Venue lies properly with this Court.

2. Pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Commission has the authority to seek the relief contained herein.

3. The acts and practices of Defendants, as alleged in the Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Commission's Amended Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 et seq., and the TSR, 16 C.F.R. Part 310, as amended.

5. There is no genuine issue as to any material fact concerning the liability of Defendants for the illegal practices charged in the Amended Complaint.

6. Undisputed facts show that in the course of telemarketing magazine subscriptions, Defendants engaged in a pattern and practice of making material misrepresentations to consumers to trick consumers into believing they had entered into enforceable contracts in which they agreed to pay Defendants hundreds of dollars for non-cancellable long-term magazine subscriptions.

7. Undisputed facts show that in the course of telemarketing magazine subscriptions, Defendants engaged in a pattern and practice of making abusive and harassing telephone calls to scare consumers into paying them hundreds of dollars for non-cancellable long-term magazine subscriptions.

8. As no material facts are in dispute, the FTC is entitled to judgment as a matter of law pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

9. There is a reasonable likelihood that Defendants will continue to engage in the same

or similar activities alleged in the Commission's Amended Complaint unless permanently enjoined from such acts and practices.

## DEFINITIONS

1. "Amended Complaint" means the "Amended Complaint for Injunctive and Other Equitable Relief" filed in this case on February 5, 2009.

2. "Assisting others" means providing substantial assistance or support to any person while knowing or consciously avoiding knowing that the person or entity is engaged in any act or practice that violates this Order, Section 5 of the FTC Act, 15 U.S.C. § 45, or the TSR, 16 C.F.R. Part 310.  For purposes of this Order, providing substantial assistance or support includes, but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any telephone sales script, debt collection script, form collection letter, or any other marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing services of any kind.

3. "Billing information" means any data (including but not limited to name, address, telephone number, e-mail address, account number, routing number, date of birth, or social security number) that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

4. "Complaint" means the "Complaint for Injunctive and Other Equitable Relief" filed in this case on May 14, 2008.

5. "Corporate Defendants" means Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., also doing business as Publishers Direct Services and Publishers Business Services, and their successors and assigns, and each of them by whatever names each might be known.

6. "Defendants" means the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

7. "Document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rule of Civil Procedure and includes:

    1. The original and copies of any written, typed, printed, transcribed, taped, recorded, filmed, or graphic matter or other data compilations of any kind, whether in hard copy or stored electronically.  The term "document" includes but is not limited to: letters, e-mail and other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

    2. Any information electronically stored on any desktop personal computer or workstation; laptop, notebook or other portable computer (whether assigned to individuals or in pools of computers available for shared use); home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored offsite by a third party; and computers and related offline storage used by Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

8. "Individual Defendants" means Persis Dantuma, Edward F. Dantuma, Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma, and each of them by whatever names each might be known.

9. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

10. "Person" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

11. "Preliminary Injunction" means the "Stipulation and Preliminary Injunction," entered in this case on June 3, 2008.

# ORDER

## I. PROHIBITED MISREPRESENTATIONS

IT IS HEREBY ORDERED that, in connection with the advertising, promotion, offering, or sale of magazine subscriptions, Defendants, their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from, directly or indirectly, misrepresenting, expressly or by implication:

A. During Defendants' initial marketing contact with any consumer:
1. Any fact material to the consumer's decision to purchase any magazine subscription;
2. That Defendants' purpose in contacting the consumer is to conduct a survey;
3. That Defendants will send magazines to the consumer as a free gift;
4. The weekly, monthly, or other periodic cost at which Defendants will sell magazines to the consumer;
5. The total cost that the consumer must pay for a magazine subscription;

B. In any of Defendants' communications with any consumer:
1. Any fact material to the consumer's decision to purchase any magazine subscription;
2. That Defendants' purpose in contacting the consumer is to conduct a survey;
3. That Defendants will send magazines to the consumer as a free gift;

    4. The weekly, monthly, or other periodic cost at which Defendants will sell magazines to the consumer;

    5. The total cost that the consumer must pay for a magazine subscription;

    6. That the consumer previously entered into a contract, verbal or otherwise, with any Defendant to purchase magazine subscriptions, and therefore is obligated to pay any Defendant for the magazine subscriptions;

    7. The total price for magazine subscriptions or the shipping and handling cost that the consumer previously agreed to pay to Defendants;

    8. That the consumer has given his or her express informed consent to purchase magazine subscriptions, and therefore is obligated to pay a Defendant for the magazine subscriptions; and

    9. The amount of money that any Defendant has remitted to a magazine publisher for subscriptions on behalf of the consumer.

## II. PROHIBITED BUSINESS PRACTICES

IT IS FURTHER ORDERED that, in connection with the advertising, promotion, offering, or sale of magazine subscriptions, Defendants, their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

    A. Failing to clearly and conspicuously disclose, contemporaneous with Defendants' presentation to any consumer of any terms of an offer to provide magazine subscriptions:

        1. All fees, costs, cancellation terms, material refund terms or the fact that refunds are not provided;

        2. All material conditions, limitations, restrictions to purchase or the good

6

or service that is the subject of the offer (including any promotion associated with "free" goods or services); and

3. All material terms and conditions of any payment plan, including but not limited to: the dollar amount of the first payment and when it will be charged or become due; the dates or frequency (e.g., weekly, monthly, quarterly) of all subsequent charges or payment(s); the dollar amounts of each subsequent charge or payment; and the total cost that the consumer will incur pursuant to the subscription term and the payment plan;

B. Directly or indirectly causing billing information to be submitted for payment unless Defendants first obtain the consumer's express informed consent to be charged for the goods or services, which must be evidenced by:

1. A written agreement with the consumer that includes all of the information required to be disclosed pursuant to Subsection A of this Section, above, and the consumer's signature acknowledging receipt of these disclosures; or

2. The consumer's express oral authorization as part of an audio-recording which:

a. Includes the entirety of Defendants' solicitation and the consumer's agreement, including the initial sales pitch and any follow-up solicitations in which Defendants present any terms of their offer to provide magazine subscriptions;

b. Clearly evidences the consumer's receipt of both the information required to be disclosed pursuant to Subsection A of this Section, above, and the information required to be disclosed pursuant to the Telemarketing Sales Rule;

c. Clearly evidences the consumer's authorization of payment for

7

     the goods or services that are the subject of the solicitation and agreement;

    d. Can be identified and located by either the consumer's name or telephone number; and

    e. Is made available upon request to the consumer, the consumer's bank or other billing entity, the Commission, state attorneys general, and other governmental consumer protection agencies;

  C. Offering to sell and selling magazine subscriptions to the consumer for a term which exceeds the maximum subscription term authorized by the publishers for that magazine; and

  D. Collecting or attempting to collect money from the consumer for a subscription term which exceeds the term of the subscription which Defendants order from the magazine publishers for the consumer.

## III. PROHIBITION AGAINST VIOLATING THE TELEMARKETING SALES RULE

IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly violating, or assisting others to violate, any provision of the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, including but not limited to:

  A.  Section 310.4(d)(2), which prohibits a telemarketer during an outbound telephone call or internal or external upsell to induce the purchase of goods or services from failing to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call, that the purpose of the call is to sell goods or services;

8

B.  Section 310.3(a)(2)(i), which prohibits a seller or telemarketer from misrepresenting, directly or by implication, in connection with the sale of goods or services, the total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of a sales offer;

C.  Section 310.3(a)(2)(iv), which prohibits a seller or telemarketer from misrepresenting, directly or by implication, in connection with the sale of goods or services, any material aspect of the nature or terms of the seller's refund, cancellation, exchange, or repurchase policies;

D.  Section 310.3(a)(4), which prohibits a seller or telemarketer from making a false or misleading statement to induce any person to pay for goods or services; and

E.  Section 310.4(b)(1), which prohibits a telemarketer from causing, or a seller from causing a telemarketer to cause, any telephone to ring, or engaging any person in telephone conversation, repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**IV.  MONITORING REQUIREMENT**

IT IS FURTHER ORDERED that, in connection with the advertising, promotion, offering, or sale of magazine subscriptions, Defendants shall take reasonable steps sufficient to monitor and ensure that all of Defendants' agents, representatives, employees, independent contractors, and contract employees comply with the requirements of Sections I, II, III, and IV of this Order, and when such persons are engaged in telemarketing such steps shall include but are not limited to the following:

A.  Providing each of Defendants' agents, representatives, employees, independent contractors, and contract employees with a copy of this Order;

B.  Establishing and adhering to a procedure for receiving and responding to consumer complaints of violations of the FTC Act, the Telemarketing Sales Rule,

or this Order;

C. Ascertaining the number and nature of consumer complaints that pertain to each agent, representative, employee, independent contractor, or contract employee;

D. Promptly and fully investigating, and resolving, any consumer complaint; and

E. Taking corrective action, which may include training, disciplining, and/or terminating any such person whom Defendants determine is not complying with the FTC Act, the Telemarketing Sales Rule, or this Order;

Provided however, that this subsection does not authorize or require Defendants to take any action that violates any federal, state, or local law.

## V. MONITORING COMPLIANCE OF SALES PERSONNEL

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with any business where any Defendant is the majority owner of the business or directly or indirectly manages or controls the business, are hereby permanently restrained and enjoined from:

A. Failing to take reasonable steps sufficient to monitor and ensure that all employees, agents, and independent contractors engaged in sales or other customer service functions comply with Section II, III, and IV of this Order. Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following:

1. listening to the oral representations made by persons engaged in sales or other customer service functions;

2. establishing a procedure for receiving and responding to consumer complaints; and

3. ascertaining the number and nature of consumer complaints regarding

10

>    transactions in which each employee or independent contractor is
>    involved;
>
> Provided that this Paragraph does not authorize or require the Defendants to take any steps that violate any federal, state, or local laws;
>
>    B. Failing promptly to investigate fully any consumer complaint received by any
>    business to which this Section applies; and
>
>    C. Failing to take corrective action with respect to any sales person Defendants
>    determine is not complying with this Order, which may include training,
>    disciplining, and/or terminating such sales person.

## VI.  DISCLOSURE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, and employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this Order, for any product or service about or related to magazine subscriptions.  Provided, however, that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## VII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that for the purpose of monitoring and investigating compliance with any provision of this Order,

>    A. Within ten (10) days of receipt of written notice from a representative of the
>    Commission, each Defendant shall submit additional written reports, which are
>    true and accurate and sworn to under penalty of perjury; produce documents for

inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Order by all lawful means including, but not limited to, the following:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2. Posing as consumers and suppliers to Defendants, Defendants' employees, or any other entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice; and

C. Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

Provided, however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**VIII. COMPLIANCE REPORTING**

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. Each Individual Defendant shall notify the Commission of the following:

a. Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b. Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c. Any changes in such Defendant's name or use of any aliases or fictitious names;

2. Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after

obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    1. For each Individual Defendant:

        a. such Defendant's then-current residence address, mailing addresses, and telephone numbers;

        b. such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

        c. Any other changes required to be reported under Subsection A of this Section.

    2. For all Defendants:

        a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

        b. Any other changes required to be reported under Subsection A of this Section.

C. Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.  For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE: FTC v. Publishers Business Services, Inc., et al.

Provided that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.  For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

## IX.  RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, in connection with the advertising, promotion, offering, or sale of magazine subscriptions, Defendants, and their agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's

termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X. DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A. Corporate Defendant: Each Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity

resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Individual Defendant as Control Person:  For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C. Individual Defendant as employee or non-control person:  For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D. Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

///

///

**XI. ACKNOWLEDGMENT OF RECEIPT OF ORDER**

IT IS FURTHER ORDERED that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

**XII. RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order. Defendants will be subject to contempt sanctions for any violation of this Order.

**IT IS SO ORDERED**, this 7th day of April 2010.

_____
PHILIP M. PRO
United States District Judge