UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLISHERS BUSINESS SERVICES, INC., a corporation; ED DANTUMA ENTERPRISES, INC., a corporation, also dba PUBLISHERS DIRECT SERVICES and PUBLISHERS BUSINESS SERVICES; PERSIS DANTUMA; EDWARD DANTUMA; BRENDA DANTUMA SCHANG; DRIES DANTUMA; DIRK DANTUMA; and JEFFREY DANTUMA, individually and as officers or managers of publishers Business Services, Inc., or Ed Dantuma Enterprises, Inc.,<br><br>Defendants. | 2:08-CV-00620-PMP-PAL<br><br>**ORDER RE:<br>EQUITABLE DAMAGES** |

Plaintiff FTC commenced this action on May 14, 2008, by filing a Complaint for Injunctive and other Equitable Relief (Doc. #1). FTC amended its Complaint (Doc. #62) on February 5, 2009. Named as Defendants are Publishers Business Services, Inc., a corporation; Ed Dantuma Enterprises, Inc., a corporation, also dba Publishers Direct Services and Publishers Business Services; Persis Dantuma; Edward Dantuma; Brenda Dantuma Schang; Dries Dantuma; Dirk

1

Dantuma; and Jeffrey Dantuma, individually and as officers, directors, or manager of Publishers Business Services, Inc., or Ed Dantuma Enterprises, Inc.

FTC alleges that between January 1, 2004 and August 31, 2008, Defendants garnered $34,419,363.00 in gross revenues through consistent, widespread, deceptive, and abusive sales and collection practices relating to telemarketing sales of magazine subscriptions. Pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), FTC sought a permanent injunction to prevent future violations of the FTC Act and the Telemarketing Sales Rule ("TSR") by Defendants. FTC also sought restitution, the refund of monies paid, and the disgorgement of profits to redress injury to consumers resulting from Defendants' alleged violations of the FTC Act and the TSR.

On June 3, 2008, the Court approved the Stipulation reached by the parties for a Preliminary Injunction enjoining Defendants from, directly or indirectly, engaging in deceptive or abusive sales and collection practices in relation to the sale of magazine subscriptions. This Preliminary Injunction effectively caused Defendants to cease their telemarketing business.

Following the completion of discovery in this action, the Court entered Orders granting FTC's Motion for Summary Judgment (Doc. #151) and for Permanent Injunction (Doc. #152) on April 7, 2010. The Orders contained a detailed statement of the allegations of the parties and the Court's findings, and need not be repeated here. In its Order on Summary Judgment (Doc. #151) the Court furthered ordered an evidentiary hearing on the issue of equitable damages to be awarded, if any.

Considerable disagreement ensued between the parties concerning the scope of permissible additional discovery, and evidence to be presented at the

hearing on damages. As a result, the evidentiary hearing on equitable damages did not commence until March 30, 2011, and after an interruption due to scheduling issues, was completed June 9, 2011. (See documents #233, #234, #243, #244, and #245).

Restitution is a form of ancillary equitable damages relief available to effect complete justice under Section 13(b) of the FTC Act for violation of Section 5 of the Act and the TSR. FTC v. Gill, 265 F.3d 944, 958 (9th Cir. 2001); FTC v. Stefanchik, 559 F.3d 924, 931 (9th Cir. 2009). Complete disgorgement of Defendants entire gross revenues between January 1, 2004 and August 31, 2008 is not appropriate, however, unless FTC proves that such gross revenue is a "reasonable approximation" of Defendants' gains from violations of Section 5 of the FTC Act. FTC v. Verity, Intern., Ltd., 443 F.3d 48, 67 (2nd Cir. 2006); FTC v. Figgie Intern., Inc., 994 F.2d 595, 607 (9th Cir. 1993).

The Court finds that FTC has not proved that relief in the form of restitution by complete disgorgement of profits is necessary to redress injury to the consuming public demonstrated in this case.

The evidence adduced during five days of testimony did not establish the necessary link between Defendants acts in violation of Section 5, and PBS's entire gross revenues between January 1, 2004 and August 31, 2008. Instead, a preponderance of the evidence shows that although Defendants' conduct in violation of Section 5 of the FTC Act warranted issuance of the Permanent Injunction in this case, FTC has failed to establish that all, or even a significantly quantifiable number of sales or collections warrant wholesale disgorgement.

Additionally, although full reimbursement to all complaining customers might provide a reasonable approximation of revenues received by Defendants in violation of Section 5, the evidence adduced demonstrates that it is either impossible

or impracticable to locate and reimburse those individual customers. FTC v. Pantron I Corp., 33 F.3d 1088 (9th Cir. 1944).

In granting Summary Judgment and issuing the Permanent Injunction in this case, the Court found Defendants' sales process violated Section 5 of the FTC Act. The Court did not find, however, that Defendants' customers did not receive the magazines ordered, nor did it find that most of the complaining customers ever paid any money to Defendants. Indeed, the record before the Court strongly suggests that most customers who complained of misrepresentation by Defendants elected to withhold payment even after Defendants collection efforts.

The Court concludes disgorgement here is warranted only to the extent of net revenues received by PBS as a result of its violation of Section 5 of the FTC Act. After considering all of the evidence presented, the Court finds that the analysis provided by Defendants expert, Dr. Gregory Duncan, that $191, 219.00 is a reasonable measure of equitable damages to which Plaintiff FTC is entitled to recover on behalf of Publishers customers. Not all Defendants in this action are, however, jointly and severely liable for payment of equitable damages.

With respect to the knowledge of individual Defendants of deceptive acts or practices in violation of Section 5, the Court finds insufficient evidence to hold Defendant's Persis Dantuma, Brenda Dantuma Schang, Dirk Dantuma and Jeffrey Dantuma individually liable for equitable monetary relief in this case. The record is sufficient, however, show that in addition the corporate Defendants, and individual Defendants' Edward Dantuma and Dries Dantuma had actual knowledge or were recklessly indifferent to the alleged violations of Section 5.

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED that** Defendants' Publishers Business Services, Inc., a corporation; Ed Dantuma Enterprises, Inc., a corporation, also dba Publishers Direct Services and Publishers Business Services; Edward Dantuma; and Dries Dantuma shall pay to Plaintiff Federal Trade Commission (FTC) the sum of **$191, 219.00** as and for equitable damages.

**IT IS FURTHER ORDERED that** Clerk of Court shall forthwith enter **JUDGMENT** accordingly.

DATED: July 25, 2011.

_____
PHILIP M. PRO
United States District Judge