JONATHAN E. NUECHTERLEIN
General Counsel

FAYE CHEN BARNOUW (CA Bar. No. 168631)
RAYMOND E. McKOWN (CA Bar No. 150975)
MARICELA SEGURA (CA Bar No. 225999)
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Phone: (310) 824-4343; Fax: (310) 824-4380
E-mail: fbarnouw@ftc.gov; rmckown@ftc.gov; msegura@ftc.gov

JACOB A. SNOW (CA Bar No. 270988)
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone: (415)-848-5100 Fax: (415)-848-5184
Email: jsnow@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

GREGORY A. BROWER
United States Attorney
District of Nevada

BLAINE T. WELSH (NV Bar No. 4790)
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336;
Fax: (702) 388-6787
E-mail: Blaine.Welsh@usdoj.gov
Resident Counsel

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>PUBLISHERS BUSINESS SERVICES, INC., a corporation; ED DANTUMA ENTERPRISES, INC., a corporation, also dba PUBLISHERS DIRECT SERVICES and PUBLISHERS BUSINESS SERVICES;<br>PERSIS DANTUMA; EDWARD DANTUMA; and BRENDA DANTUMA SCHANG; individually and as officers or managers of Publishers Business Services, Inc., or Ed Dantuma Enterprises, Inc.,<br>Defendants. | CASE NO. 2:08-cv-00620-APG-GWF<br><br>**FEDERAL TRADE COMMISSION'S MOTION TO SET CASE SCHEDULE** |

**MOTION TO SET CASE SCHEDULE**

Pursuant to Local Rule 7-2 and Federal Rule of Civil Procedure 16(b), the Federal Trade Commission (the "FTC," or "Plaintiff") hereby moves to set a case schedule governing resolution of the outstanding issues on remand in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The FTC brings this motion out of necessity. In the fourteen weeks since the parties' first post-remand status conference with the Court, Defendants have consistently refused to engage in meaningful dialogue regarding the appropriate process for resolving this case, often failing to respond for weeks at a time. After trying for months to negotiate a workable case schedule that includes mediation, the FTC has lost confidence that Defendants are prepared to participate in mediation in good faith. The FTC therefore requests that the Court intervene and set a schedule for resolving this case on the merits.

**II. FACTUAL BACKGROUND**

On February 12, 2015, the Court issued a minute order spreading the Ninth Circuit's mandate and setting a status conference for February 23, 2015. Minute Order, Dkt. No. 274. During that status conference, the FTC proposed a case schedule that included expert reports and expert discovery, but suggested that the outstanding issues relating to consumer injury could be resolved without a second evidentiary hearing. *See* Docket Text, Dkt. No. 275 ("The parties shall meet and confer to determine whether it will be sufficient to supplement the expert reports and/or add additional expert reports, or if it will be necessary to hold another evidentiary hearing."). Two days after the status-conference, on February 26, the FTC emailed Defendants proposing times for a call to discuss the issues that arose at the status conference. Declaration of Jacob Snow In Support of Motion for Case Schedule ("Snow Decl."), Ex. 1 ("Exhibit 1"), 13. Multiple follow-up emails were necessary before Defendants responded, and the parties finally spoke on March 30, 2015. *Id.* at 6–7. After the March 30 call, the FTC circulated a proposed schedule for the case. *Id.* Defendants never responded to the proposed schedule, instead waiting

until April 8, the day before the court-ordered status conference to agree to provide financial disclosure forms to the FTC and participate in mediation.

During the status conference on April 9, 2015, the parties agreed to confer regarding an appropriate schedule for disclosure of financial information and mediation. *See* Docket Text, Dkt. No. 276 ("The parties have agreed to participate in mediation. A status report shall follow regarding scheduling."). But after the status conference, Defendants repeatedly failed to respond for weeks at a time, coming to life only when the FTC threatened to seek relief from the Court. *See* Exhibit 1 at 1–4 (Two emails dated April 27, 2015; email from J. Snow dated May 8, 2015); Snow Decl, Ex. 2 ("Exhibit 2"), 4–5 (email from P. Homer dated May 8, 2015). The FTC last sent a draft joint scheduling order on May 15. *Id.* at 3–4. After weeks of silence, Defendants finally responded on June 3, 2015, again only after the FTC promised to file the present motion. *Id.* at 1–3.

Fourteen weeks have passed since the parties' first post-remand status conference with the Court, and precious little progress has been made. As a result, the FTC has lost confidence that mediation would serve any purpose besides delaying resolution of this case on the merits. See *id.* at 1–2.

## III. ARGUMENT

### A. The Court Should Set a Schedule for Resolving the Outstanding Issues On Remand.

In light of the facts set forth above, the FTC requests that the Court set a case schedule for resolving this case on the merits. A proposed schedule appears at the end of this motion.

While the schedule proposed below does not include mediation, the FTC is not necessarily opposed to mediation, if Defendants can demonstrate that they intend to participate in good faith. A full disclosure of financial information from Defendants (which the FTC has not received) would be a first step in the right direction.

The FTC's proposed schedule provides for three months before opening expert reports are due. During the status conference on February 23, 2015, counsel for Defendants stated that Defendants' expert witness in the first evidentiary hearing, Dr. Gregory Duncan, was no longer

available. Three months should be sufficient for Defendants to retain a testifying expert, if necessary, and prepare an expert report. The remainder of the proposed schedule also includes some variation in dates to accommodate the winter holidays. But for the FTC, it is most important that the schedule is set; particular dates can be revised as necessary.

**B. The Case Schedule Should Include Expert Reports and Expert Discovery.**

The FTC proposed an additional round of expert reports at the status hearing on February 23. During that conference, Defendants suggested that they might oppose a request for additional expert analysis. But Defendants have not, in the last fourteen weeks, stated clearly whether they oppose additional expert analysis. *See* Exhibit 1, Exhibit 2.

An additional round of expert reports is appropriate in this case to accommodate the Ninth Circuit's directions to the parties and the Court on remand. For the first evidentiary hearing in 2011, the FTC sought a restitution award of approximately $34 million, which represented the corporate Defendants collected revenues. (Doc. 221, p. 9). Defendants, on the other hand, presented an expert report by Dr. Gregory Duncan offering a different—and much lower—calculation of appropriate remedy. On appeal, the Ninth Circuit vacated the district court's damages award, concluding that Dr. Duncan's analysis was flawed in several ways. *See FTC v. Publishers Business Services*, 540 Fed. Appx. 555, 556–558 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2724, 189 L. Ed. 2d 763 (2014). The Ninth Circuit did not, however, simply endorse the FTC's remedy calculation. Rather, the Ninth Circuit wrote that "PBS has argued, for example, that a customer who renewed subscriptions necessarily knew the actual terms of the transaction at the time of renewal. A similar argument was made regarding customers who added on to a subscription order. The district court may consider these and other arguments in determining the appropriate amount of damages to be awarded." *Id.* at 558. These arguments identified by the Ninth Circuit were not comprehensively addressed in the FTC's first round of damages analysis.

The Ninth Circuit's guidance, then, requires both parties to revise their damages-calculation methodology. Another round of expert reports will allow the Court to determine the appropriate remedy on a full record.

## IV. CONCLUSION

For the reasons stated above, the Court should adopt the following case schedule:

| Event | Date |
|---|---|
| Opening expert reports | September 4, 2015 |
| Responsive expert reports | October 16, 2015 (six weeks later) |
| Close of expert discovery | November 6, 2015 (three weeks later) |
| FTC's opening damages brief | December 11, 2015 (five weeks later) |
| Defendants' opposition damages brief | January 15, 2016 (five weeks later) |
| FTC's reply brief | February 5, 2016 (three weeks later) |

Respectfully Submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: June 3, 2015

/s/ Jacob A. Snow

Jacob A. Snow
Faye Chen Barnouw
Raymond E. Mckown
Maricela Segura

FEDERAL TRADE COMMISSION
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5100 (phone)
(415) 848-5184 (facsimile)

10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4343 (phone)
(310) 824-4380 (facsimile)

Attorneys for Plaintiff
Federal Trade Commission

**CERTIFICATE OF SERVICE**

This is to certify that on June 3, 2015, I served counsel of record in this matter with a true and correct copy of the attached Federal Trade Commission's Motion To Set a Case Schedule by filing the above document with the Court's ECF System.

I swear under penalty of perjury that the foregoing is true and correct. Executed this June 3, 2015 in San Francisco, California.

__/s/ Jacob A. Snow________