**NOT FOR PUBLICATION**

FILED

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

v.

PUBLISHERS BUSINESS SERVICES, INC. *et al.*,

Defendants-Appellants.

No. 17-15600

D.C. No. 2:08-CV-00620

MEMORANDUM[*]

On Remand from the United States Supreme Court

Before: O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,[**] District Judge.

From 2004 to 2008, Appellant Publishers Business Services, Inc. ("PBS") used a collection of deceptive telemarketing scripts to sell magazine subscriptions to consumers on the pretense that it was conducting a "survey." In 2008, Appellee Federal Trade Commission (the "FTC") initiated an enforcement action in district court, alleging that PBS's actions violated Section 5 of the FTC Act, 15 U.S.C. §

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

45(a), and requesting equitable relief under Section 13(b), 15 U.S.C. § 53(b).

The district court granted the FTC's motion for summary judgment on liability, finding that PBS had violated the FTC Act, and entered a permanent injunction barring PBS from engaging in the deceptive practices. The district court then held an evidentiary hearing on damages and ultimately awarded equitable monetary relief in the amount of $191,219. The FTC appealed the district court's calculation of damages, but PBS neither filed a cross-appeal nor challenged any aspect of the district court's ruling that granted the permanent injunction. We vacated the district court's order with respect to the equitable monetary relief because the district court had applied an incorrect legal standard in calculating the proper amount. *See* 540 F. App'x 555, 556–58 (9th Cir. 2013) ("*PBS I*"). We remanded and directed the district court to base the equitable monetary relief on the losses suffered by the consumers, rather than the gain enjoyed by the defendants.

On remand, the district court awarded to the FTC nearly $24 million in equitable monetary relief. PBS appealed and argued, among other things, that the language in Section 13(b)—allowing the FTC to obtain a "permanent injunction"—did not allow for such equitable monetary relief. We disagreed, explaining that this argument was foreclosed by our decision in *FTC v. Commerce Planet, Inc.*, 815 F.3d 593 (9th Cir. 2016). *See FTC v. Dantuma*, 748 F. App'x 735, 737–38 (9th Cir. 2018) ("*PBS II*"). PBS petitioned for a writ of *certiorari*.

On April 22, 2021, the Supreme Court issued its decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), holding that Section "13(b)'s 'permanent injunction' language does not authorize the [FTC] directly to obtain court-ordered monetary relief." *Id.* at 1347. The Court explained, "[T]o read those words ['permanent injunction'] as allowing what they do not say, namely, as allowing the [FTC] to dispense with administrative proceedings to obtain monetary relief as well, is to read the words as going well beyond the provision's subject matter." *Id.* at 1348. Shortly thereafter, the Court granted PBS's petition for *certiorari*, vacated our decision in *PBS II*, and remanded for further consideration in light of *AMG Capital*, 141 S. Ct. at 1341.

The Supreme Court's decision in *AMG Capital* precludes the equitable monetary relief awarded in this case. Despite the FTC's argument to the contrary, PBS did not waive this argument by failing to raise it in prior proceedings. In *PBS I*, we vacated the award and remanded to the district court with instructions to recalculate the proper amount of equitable monetary relief, but we also explained that our decision "does not mean that the district court must accept the calculation proposed by the FTC." *PBS I*, 540 F. App'x at 558. In fact, we clarified that "[t]he district court may consider these and other arguments in determining the appropriate amount of damages to be awarded." *Id.* Our instructions allowed for the district court to entertain other arguments pertaining to the proper amount of equitable

monetary relief, which included PBS's subsequent argument that the proper amount should be $0 because Section 13(b) does not authorize any such relief. Besides, "any potential prejudice to [the FTC] is cured by the fact that both parties were able to address the [Section 13(b)] issue" to both the district court and court of appeals leading up to our decision in *PBS II*. *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 543 (9th Cir. 2013) (excusing failure to raise issue in opening brief in part because the parties addressed the issue in supplemental briefing); *see also Carrillo v. County of Los Angeles*, 798 F.3d 1210, 1223 (9th Cir. 2015) (excusing failure to preserve below "because the issue is purely one of law, and because our addressing it at this juncture will not prejudice the plaintiffs").

That being said, PBS improperly argues that the district court's initial order that granted summary judgment was erroneous. PBS waived any arguments related to the district court's ruling that granted the permanent injunction when it failed to raise those arguments in *PBS I*. The only issue in *PBS I* was the proper amount of equitable monetary relief, so our remand was limited to that issue alone.

Accordingly, we **AFFIRM** the district court's order that granted the permanent injunction, **VACATE** the district court's order that awarded equitable monetary relief under Section 13(b), and **REMAND** for further proceedings consistent with this decision to determine if any other relief is warranted.

## United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

### Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)
### Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)

**(1) A. Purpose (Panel Rehearing):**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▸ A material point of fact or law was overlooked in the decision;
  - ▸ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▸ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**

- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▸ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▸ The proceeding involves a question of exceptional importance; or
- ▸ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)** 

**Case Name** 

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date** 

*(use* "s/[typed name]" *to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*