UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PUBLISHERS BUSINESS SERVICES, INC., a corporation; ED DANTUMA ENTERPRISES, INC., a corporation, also dba PUBLISHERS DIRECT SERVICES and PUBLISHERS BUSINESS SERVICES; BRENDA DANTUMA SCHANG; DRIES DANTUMA; DIRK DANTUMA; and JEFFREY DANTUMA, individually and as officers, directors, or managers of Publishers Business Services, Inc., or Ed Dantuma Enterprises, Inc.,<br><br>Defendants. | Case No. 2:08-cv-00620-APG-GWF<br><br>STIPULATED ORDER FOR MONETARY JUDGMENT |

Plaintiff Federal Trade Commission ("Commission" or "FTC"), filed its "Complaint for Injunctive and Other Equitable Relief" (dkt. 1-1) on May 14, 2008, and an "Amended Complaint for Injunctive and Other Equitable Relief" (dkt. 62; as amended, "Complaint") on February 5, 2009, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b.

On April 7, 2010, following cross-motions for summary judgment, the Court issued a permanent injunction, which remains in full force and effect, against Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., dba Publishers Direct Services and Publishers Business Services, Persis Dantuma, Edward Dantuma, Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey

Dantuma (dkt. 152), and ordered an evidentiary hearing to resolve the monetary claims (dkt. 151).

An evidentiary hearing on the monetary claims was held in March and June 2011, and on July 25, 2011, the Court issued an "Order re Equitable Damages" directing Publishers Business Services, Ed Dantuma Enterprises, Edward Dantuma, and Dries Dantuma pay the FTC the sum of $191,211 (dkt. 248). The $191,211 sum was paid. However, the FTC appealed in 2011, which resulted in a remand from the Ninth Circuit. On remand the District Court, on February 1, 2017, awarded the FTC the sum of $23,773,147.78 as monetary equitable relief against defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Edward Dantuma, Dries Dantuma, Brenda Dantuma Schang, Dirk Dantuma, and Jeffrey Dantuma; found Persis Dantuma not liable for monetary relief (dkt. 322), and entered Judgment in this case (dkt. 323). Defendants appealed the Judgment. In 2018, the Ninth Circuit affirmed the Judgment, and in 2019, Defendants filed a petition to the Supreme Court for writ of certiorari.

On April 22, 2021, the Supreme Court issued its decision in *AMG Capital Management, LLC v. FTC*, 593 U.S. __, 141 S. Ct. 1341 (2021), holding that Section "13(b)'s 'permanent injunction' language does not authorize the [FTC] directly to obtain court-ordered monetary relief." *Id.* at 1347. On May 3, 2021, the Supreme Court granted PBS's petition for *certiorari,* vacated the Judgment in this case, and remanded the case to the Ninth Circuit Court of Appeals for further consideration in light of *AMG Capital Management v. FTC*.

On June 10, 2021, the Ninth Circuit issued a Memorandum Disposition affirming this Court's order of permanent injunction, vacating this Court's order of equitable monetary relief under Section 13(b), and remanded for further proceedings to determine whether any other relief is warranted (dkt. 341). On August 5, 2021, this Court issued its "Order on Mandate" directing the parties to "confer about a Stipulated Judgment resolving this case" (dkt.344).

The Commission and the remaining Defendants, Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., dba Publishers Direct Services and Publishers Business Services, Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma, hereby stipulate to the entry of this "Stipulated Order for Monetary Relief" ("Order") to resolve all remaining matters in dispute in this action.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in unfair or deceptive acts and practices in connection with the marketing and sale of magazine subscriptions, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

3. The Permanent Injunction (dkt. 152), entered by the Court on April 7, 2010, against Defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., dba Publishers Direct Services and Publishers Business Services, Persis Dantuma, Edward Dantuma, Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma, remains in full force and effect.

4. Defendants have paid to the Commission One Hundred Ninety-One Thousand Two Hundred Nineteen Dollars ($191,219) pursuant to the Court's July 25, 2011 Order Re Equitable Damages (dkt. 248).

5. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees. Defendants waive and release any claims that they may have against the Commission that relate to this action.

6. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" means all of the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination.

B. "**Corporate Defendants**" means Publishers Business Services, Inc., and Ed Dantuma Enterprises, Inc., also dba "Publishers Direct Services" and "Publishers Business Services," and their successors and assigns.

C. "**Individual Defendants**" means Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma.

## ORDER

### I. MONETARY JUDGMENT AND SUSPENSION

IT IS ORDERED that:

A. Judgment in the amount of **Fourteen Million Four Hundred Seventy-Four Thousand Eight Hundred Seventy-Eight Dollars ($14,474,878)** is entered in favor of the Commission against Defendant Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma, jointly and severally as monetary relief.

B. The One Hundred Ninety-One Thousand Two Hundred Nineteen Dollars ($191,219) that Defendants paid to the Commission pursuant to the Court's July 25, 2011 Order Re Equitable Damages (dkt. 248) is deemed paid toward the judgment, and the remainder of the judgment is suspended, subject to the Subsections below. The Commission's agreement to the suspension of part of the Judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1. the Financial Statement of Individual Defendant Brenda Dantuma Schang, signed on September 8, 2021;

      2.     the Financial Statement of Individual Defendant Dries Dantuma, signed on September 8, 2021;

      3.     the Financial Statement of Individual Defendant Dirk Dantuma, signed on September 12, 2021;

      4.     the Financial Statement of Individual Defendant Jeffrey Dantuma, signed on September 8, 2021;

      5.     the Articles of Dissolution of Corporate Defendant Publishers Business Services, Inc., filed on December 12, 2011 with the Florida Secretary of State; and

      6.     the Financial Statement of Corporate Defendant Ed Dantuma Enterprises, Inc., signed by Dirk Dantuma, Director, on September 30, 2021.

C.    The suspension of the Judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

D.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A., above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

E.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

F.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary

judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

I. All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## II. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the Judgment was suspended:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or

other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### III. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 25th day of May, 2022.

HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| **For Plaintiff:** | **For Defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma:** |
| Date: May 24, 2022 | Date: 3/8/22 |
| *[signature]* | *[signature]* |
| Faye Chen Barnouw<br>Maricela Segura<br>FEDERAL TRADE COMMISSION<br>10990 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90024<br>Tel: (310) 824-4300<br>Fax: (310) 824-4380<br>fbarnouw@ftc.gov<br>msegura@ftc.gov | Peter W. Homer<br>Howard Goldfarb<br>Homer Bonner<br>1200 Four Seasons Tower<br>1441 Brickell Avenue<br>Miami Florida 33131<br>Tel: (305) 350-5139<br>Fax: (305) 372-2738<br>phomer@homerbonner.com<br>hgoldfarb@homerbonner.com<br>Attorneys for Defendants |

Date: _____

_____
Dirk Dantuma, Individually, as a Director of Ed Dantuma Enterprises, Inc., and on behalf of Publishers Business Services, Inc.

Date: _____

_____
Brenda Dantuma Schang, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: _____

_____
Dries Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: _____

_____
Jeffrey Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

**SO STIPULATED AND AGREED:**

**For Plaintiff:**

Date: _____

_____
Faye Chen Barnouw
Maricela Segura
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380
fbarnouw@ftc.gov
msegura@ftc.gov

**For Defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma:**

Date: _____

_____
Peter W. Homer
Howard Goldfarb
Homer Bonner
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Tel: (305) 350-5139
Fax: (305) 372-2738
phomer@homerbonner.com
hgoldfarb@homerbonner.com
Attorneys for Defendants

Date: 7 MAR 2022

_____
Dirk Dantuma, Individually, as a Director of Ed Dantuma Enterprises, Inc., and on behalf of Publishers Business Services, Inc.

Date: _____

_____
Brenda Dantuma Schang, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: _____

_____
Dries Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: _____

_____
Jeffrey Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

**SO STIPULATED AND AGREED:**

| For Plaintiff: | For Defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma: |
|---|---|
| Date: _____ | Date: _____ |
| _____<br>Faye Chen Barnouw<br>Maricela Segura<br>FEDERAL TRADE COMMISSION<br>10990 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90024<br>Tel: (310) 824-4300<br>Fax: (310) 824-4380<br>fbarnouw@ftc.gov<br>msegura@ftc.gov | _____<br>Peter W. Homer<br>Howard Goldfarb<br>Homer Bonner<br>1200 Four Seasons Tower<br>1441 Brickell Avenue<br>Miami Florida 33131<br>Tel: (305) 350-5139<br>Fax: (305) 372-2738<br>phomer@homerbonner.com<br>hgoldfarb@homerbonner.com<br>Attorneys for Defendants |
|  | Date: _____ |
|  | _____<br>Dirk Dantuma, Individually, as a Director of Ed Dantuma Enterprises, Inc., and on behalf of Publishers Business Services, Inc. |
|  | Date: 3/7/22 _____ |
|  | _____<br>Brenda Dantuma Schang, Individually and as a Director of Ed Dantuma Enterprises, Inc. |
|  | Date: _____ |
|  | _____<br>Dries Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc. |
|  | Date: _____ |
|  | _____<br>Jeffrey Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc. |

**SO STIPULATED AND AGREED:**

For Plaintiff:

Date: _____

_____
Faye Chen Barnouw
Maricela Segura
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380
fbarnouw@ftc.gov
msegura@ftc.gov

For Defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma:

Date: _____

_____
Peter W. Homer
Howard Goldfarb
Homer Bonner
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Tel: (305) 350-5139
Fax: (305) 372-2738
phomer@homerbonner.com
hgoldfarb@homerbonner.com
Attorneys for Defendants

Date: _____

_____
Dirk Dantuma, Individually, as a Director of Ed Dantuma Enterprises, Inc., and on behalf of Publishers Business Services, Inc.

Date: _____

_____
Brenda Dantuma Schang, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: 3/7/22

_____
Dries Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: _____

_____
Jeffrey Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

**SO STIPULATED AND AGREED:**

**For Plaintiff:**

Date: _____

_____
Faye Chen Barnouw
Maricela Segura
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380
fbarnouw@ftc.gov
msegura@ftc.gov

**For Defendants Publishers Business Services, Inc., Ed Dantuma Enterprises, Inc., Brenda Dantuma Schang, Dries Dantuma, Dirk Dantuma, and Jeffrey Dantuma:**

Date: _____

_____
Peter W. Homer
Howard Goldfarb
Homer Bonner
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Tel: (305) 350-5139
Fax: (305) 372-2738
phomer@homerbonner.com
hgoldfarb@homerbonner.com
Attorneys for Defendants

Date: _____

_____
Dirk Dantuma, Individually, as a Director of Ed Dantuma Enterprises, Inc., and on behalf of Publishers Business Services, Inc.

Date: _____

_____
Brenda Dantuma Schang, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: _____

_____
Dries Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.

Date: 3/8/2022

_____
Jeffrey Dantuma, Individually and as a Director of Ed Dantuma Enterprises, Inc.